IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIO GRANDE GAMES, INC., a New Mexico Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TOYS4LESS, LLC, d/b/a Amazon.com seller FASTNBEST LLC and OUTDOOR DEALS, STORE, a Delaware Corporation, KARROL JI and YANYAN JI, d/b/a Amazon.com Seller DAILY DEALS SHOP (NO TAX) and DEALSHOPS, G WAN d/b/a Amazon.com seller SPEEDBUYLLC, JUNBI LIU d/b/a Amazon.com seller TAX FREE TECH, JIAN HE d/b/a Amazon.com seller HZT BARGAIN STORE, and and DOES 1-100, <br><br> Defendants. | CIVIL ACTION NO.: 1:17-7099 <br><br> JURY DEMAND <br><br> Hon. Jorge L. Alonso |

## STIPULATED PRELIMINARY INJUNCTION

Plaintiff Rio Grande Games, Inc. ("Plaintiff") has applied for a preliminary injunction under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for the reason that defendants Toys4Less, LLC d/b/a Outdoor Deals Store, Karrol Ji and Yanyan Ji, d/b/a DealShops, G Wan, d/b/a Speedbuyllc, Jian He, d/b/a HZT Bargain Store, Junbi Liu. d/b/a Tax Free Tech ("Named Defendants") are allegedly selling or offering for sale goods and services bearing a counterfeit of one or more of Plaintiff's registered trademarks. Upon stipulation of the parties, and having reviewed the Complaint, pleadings, moving papers, and declarations submitted by Plaintiff, the Court finds that:

1

(a) Plaintiff alleges that it is likely to succeed in showing that Named Defendants used counterfeits of one or more of Plaintiff's trademarks, including Plaintiff's DOMINION trademark, registered in the United States Patent and Trademark Office, in connection with the sale, offering for sale, and/or distribution of the Dominion Second Edition game within the United States;

(b) Plaintiff alleges that the sales of such games bearing a counterfeit of said DOMINION trademark will result in an immediate and irreparable injury to Plaintiff if a preliminary injunction is not ordered;

(c) Plaintiff alleges that the issuance of a preliminary injunction is further justified upon considering the balance of hardships between the parties, together with the interests of the public at large;

(d) Named Defendants allege that they own and operate Amazon.com Marketplace accounts that primarily sell products wholly unrelated to the Dominion Second Edition game, or any other game similar to it, that Named Defendants are accused of allegedly selling or offering for sale, including but not limited to outdoor products, computers, and other electronics;

(e) Named Defendants allege that as a result of this Court's October 4, 2017 order, these Amazon.com Marketplace accounts were frozen in their entirety, including all funds located within such accounts, despite the fact that a substantial majority of these funds are not linked to the profits of any allegedly illegal activity described herein;

(f) Named Defendants allege that as a result of their Amazon.com Marketplace accounts being frozen, Named Defendants have lost thousands of dollars from lost sales opportunities and potential revenues from its inventory of products not subject to Plaintiff's allegations;

(g) Named Defendants allege that they will continue to lose thousands of dollars in potential revenues each day that the restraints of the October 4, 2017 remain in place with respect to Amazon.com;

2

(h) Plaintiffs note that the October 4, 2017 temporary asset freeze did not require Amazon.com to freeze Named Defendants' ability to sell non-counterfeit merchandise; and

(i) Named Defendants deny the Plaintiff's allegations but agree to this Stipulated Preliminary Injunction to expedite resolution of this matter.

Therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Named Defendants and any of their officers, agents, and servants, employees, and attorneys, and those persons in active concert or participation with Named Defendants who receive actual notice of this Order by personal service or otherwise, are enjoined and restrained, during the pendency of this action, from the following acts:

  i. using the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the importation, sale, offer for sale, or distribution of any products that are not authentic;

  ii. using the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Named Defendants' products are connected with Plaintiff or are genuine Rio Grande Games products;

  iii. making any false or misleading statements regarding Plaintiff or its products, or the relationship between Plaintiff and Named Defendants;

  iv. committing any other acts calculated to cause consumers to believe that Named Defendants' products are genuine Rio Grande Games products;

  v. shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving, disposing of, or destroying in any manner any product bearing the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, and any and all discoverable materials, including all hard copy and electronically stored business information that relates in any way to Named Defendants' conduct

3

alleged in the Complaint, including any and all documents and things that relate to the manufacture, importation acquisition, advertisement, purchase, distribution, or sale of goods bearing the DOMINION trademark or any reproduction, counterfeit, or imitation thereof;

vi. spending, transferring, moving or otherwise depleting any funds obtained from Named Defendants' counterfeiting activities; and

vii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs i through vi.

**IT IS FURTHER ORDERED** that Named Defendants are to immediately sequester and deliver up to Plaintiff's counsel for impoundment, pursuant to this Court Order all items or things bearing counterfeits of the DOMINION trademark remaining in their possession, custody or control.

**IT IS FURTHER ORDERED** that Named Defendants are to immediately allow Plaintiff, or any of its agents or representatives, to inspect Named Defendants' places of business.

**IT IS FURTHER ORDERED** that Named Defendants are to engage in expedited discovery with Plaintiff and that discovery, which commenced on October 4, 2017, may continue.

**IT IS FURTHER ORDERED** that Daliah Saper has represented to the Court that, on October 17, 2017, Named Defendants have transferred an amount equal to $51,496.48 to Saper Law Offices, LLC's IOLTA trust account, managed by Attorney Daliah Saper.

**IT IS FURTHER ORDERED** that Attorney Saper may not return the aforementioned $51,496.48 to the Named Defendants absent further of order of the Court and must, within 48 hours of this Order, transfer these funds to an escrow account to be mutually selected by Plaintiff and Named Defendants.

**IT IS FURTHER ORDERED** that Amazon.com shall as promptly as possible, ship all of Named Defendants' remaining stock of Dominion Second Edition being held by Amazon.com to a location of Plaintiff's choice at the expense of Named Defendants.

**IT IS FURTHER ORDERED** that the temporary asset freeze of the October 4, 2017 order is dissolved with respect to Amazon and the Named Defendants. Neither the October 4, 2017 order nor this Order are intended to prevent Named Defendants from selling non-counterfeit merchandise on Amazon.com. Any sales activity after the date of this Order by Named Defendants through their Amazon.com Marketplace accounts, and any and all revenues received therefrom, shall not be restricted absent further order of the Court.

**IT IS FURTHER ORDERED** that, consistent with the foregoing provision, all funds held in the escrow account described in this Order shall remain in the escrow account until further order of this Court.

**IT IS FURTHER ORDERED** that this Stipulated Preliminary Injunction shall remain in effect until otherwise ordered by this Court.

Named Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to Defendants, may be considered and prosecuted as contempt of this Court.

Dated this 18th day of Oct. 2017.

United States District Judge